HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUZANNE L CAREY,<br><br>                Plaintiff,<br><br>   v.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS (IUOE) LOCAL 612,<br><br>                Defendant. | CASE NO. C12-5025 RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br>[DKT. #10] |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), based on the prior litigation between these same parties on the same issues. *See Carey v. Office of Prof'l Emp. Int'l Union,* No. 04-cv-5438 FDB (W.D. Wash. June 3, 2005).

The case arises out of Plaintiff's 2004 termination, and her 2004 lawsuit claiming that that termination violated the Americans with Disabilities Act. Plaintiff's claim was dismissed with prejudice and she apparently appealed without success (although she assures the Court that the United States Supreme Court will ultimately address her claims, "when they have the time") [Dkt. #13 at 4]. The pro se Plaintiff's materials are difficult to fully understand, but it is clear that this suit

ORDER GRANTING MOTION TO DISMISS - 1

arises out of the same basic facts. She now alleges a RICO conspiracy and other bribe and corruption related charges, but her core complaint continues to be that she was wrongfully terminated.

The doctrine of claim preclusion bars the relitigation of a claim, even if the particular theories of recovery or defenses raised in the second proceeding were not actually litigated in the first action. *Shaw v. California Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 605 (9th Cir.1986). The requirements of claim preclusion are [1] a "final judgment on the merits ... [2] between the same parties or their privies [3] over the same cause of action." *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985). A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 399 (1981).

Plaintiff argues that these unremarkable precedents do not apply to her because they have nothing to do with her case, and because, unlike the plaintiffs in *Davis & Cox*, she has not yet prevailed: "[*Davis* is] not applicable to Carey, because she has **never** received **any** financial relief, even though she has been litigating for eight (8) years." [*See* Dkt. #13 at 6]. But the application of res judicata does not depend on the Plaintiff's prevailing at the prior litigation. A plaintiff does not get to "keep trying" until she prevails; claims which were or which could have been tried are barred by a judgment on the merits —even if the judgment is against the plaintiff.

Plaintiff admits that she has been litigating this case for 8 years. Whether or not she prevailed in the earlier case (and whether or not the Supreme Court accepts review of it), she is

//

//

//

1  barred from relitigating her claims here.  The Defendants' Motion to Dismiss is GRANTED and

2  Plaintiffs' Complaint is this matter is DISMISSED WITH PREJUDICE.

3  Dated this 30th day of May, 2012.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge