UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUZANNE L CAREY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS (IUOE) LOCAL 612,<br><br>　　　　　Defendant. | CASE NO. C12-5025 RBL<br><br>ORDER ON MOTION TO RE-ASSIGN |

On May 30, 2012, U.S. District Judge Ronald B. Leighton dismissed the above-entitled lawsuit (Dkt. No. 17); Plaintiff's motion for reconsideration was denied (Dkt. No. 20). Plaintiff is back before the Court by virtue of a Motion to Re-Open and Re-Assign (Dkt. No. 21) by which she seeks not only to revive her dismissed lawsuit but have it "assigned to an unbiased venue." Id.

Pursuant to Local General Rule 8(c), Judge Leighton reviewed Plaintiff's motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. No. 22. Plaintiff's motion is therefore ripe for review by this Court.

ORDER ON MOTION TO RE-ASSIGN- 1

1  Having reviewed the record in the above-entitled matter, the Court finds no grounds
2  requiring Judge Leighton to recuse himself and DENIES the motion.

3  **DISCUSSION**

4  Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in
5  any proceeding in which him impartiality "might reasonably be questioned."  A federal judge
6  also shall disqualify himself in circumstances where he has a personal bias or prejudice
7  concerning a party or personal knowledge of disputed evidentiary facts concerning the
8  proceeding.  28 U.S.C. § 455(b)(1).

9  Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate
10 if "a reasonable person with knowledge of all the facts would conclude that the judge's
11 impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626
12 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of
13 bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th
14 Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United
15 States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis
16 for recusal:

17 > [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality
>  motion. . . . [O]pinions formed by the judge on the basis of facts introduced or
18 > events occurring in the course of the current proceedings, or of prior proceedings,
>  do not constitute a basis for a bias or partiality motion unless they display a deep
19 > seated favoritism or antagonism that would make fair judgment impossible. Thus,
>  judicial remarks during the course of a trial that are critical or disapproving of, or
20 > even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias
>  or partiality challenge.

21

22 *Id.* at 555.

23

24

Reviewing Plaintiff's motion and accompanying documentation, it is impossible to escape the conclusion that Plaintiff does not like Judge Leighton's rulings and believes that those rulings have unfairly impacted her ability to pursue her claims. She is entitled to her beliefs and she is entitled to ask the Ninth Circuit Court of Appeals to overturn Judge Leighton's rulings on any legitimate grounds she can articulate; what she is not entitled to is having Judge Leighton removed from the case because she disagrees with his rulings.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter.[1] Plaintiff has identified no error of law, and a review of Judge Leighton's rulings in this matter reveals no orders that were so outlandish or irrational as to give rise to an inference of bias.

Plaintiff may disagree with Judge Leighton's rulings but that is a basis for appeal, not disqualification. As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge Leighton's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Plaintiff's request for recusal/re-assignment is DENIED.

---

[1] Plaintiff makes vague, unsupported allegations that Judge Leighton was ordered by U.S. District Judge Robert Bryan to dismiss her litigation and "has committed crimes that are tantamount to bribery," (Dkt. No. 21, p. 7), but in the absence of any evidence corroborating these statements, this Court assigns them no weight.

**CONCLUSION**

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Plaintiff's motion to reassign this case.

The Clerk of the Court shall send a copy of this Order to Plaintiff and to any parties who have appeared in this action.

DATED this __30th__ day of July, 2012.

　　　　　　　　　　　　　　　　　　　　　　／s／ Marsha J. Pechman
　　　　　　　　　　　　　　　　　　　　　　Marsha J. Pechman
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge